UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

| | |
|---|---|
| In Re:<br>Lanny Ross O'Neal, Jr. & Sharon Cropper O'Neal<br>Social Security No.:<br>xxx-xx-8174 and xxx-xx-8357<br>Address:<br>1918 Hillandale Road, Durham, NC 27705<br><br>Debtors | Case No. 11-80981<br>Chapter 13 |

## MOTION TO EMPLOY PROFESSIONAL
## AND APPROVE CONTINGENCY FEE AGREEMENT

NOW come the above Debtors, by and through their undersigned counsel, and respectfully moves the Court for an order allowing the employment of Edward C. Boltz and the Law Offices of John T. Orcutt, P.C. as counsel for the Debtors' for purposes of pursuing a cause of action against LVNV Funding, L.L.C. and for approval of the Debtors' and counsel's mutual contingency fee agreement. In support thereof, the Debtors show the Court as follows:

1. The Debtors filed a voluntary Chapter 13 bankruptcy on June 17, 2011.

2. Upon information and belief, less than ninety (90) days prior to the filing of this case, LVNV Funding, L.L.C. executed on a judgment against the Male Debtor, seizing $6,676.06 from the Debtors' joint bank account.

3. The Debtors will be asserting that such seizure was not only an involuntary preference under 11 U.S.C. § 547, but also violated the Fair Debt Collection Practices Act and the North Carolina Unfair and Deceptive Trade Practices Act, giving rise to not only turnover of the seized funds, but also actual, statutory and punitive damages.

4. Accordingly, it is the Debtors wish that they be allowed to employ Edward C. Boltz and the The Law Offices of John T. Orcutt, P.C. in the supplemental capacity to bring such an action as an Adversary Proceeding.

5. Towards that end, the Debtors have agreed to retain Edward C. Boltz and The Law Offices of John T. Orcutt, P.C. on a one-third (33 1/3% ) contingency fee basis, a copy of which is attached.

6. Pursuant to the April , 2008 Standing Order, "[r]epresentation of the debtor in adversary proceedings also constitutes a non-base service."

7. Pursuant to 11 U.S.C. § 330(a)(4)(B), in this Chapter 13 case, "the court may allow

reasonable compensation to the debtor's attorney for representing the interest of the debtor in connection with the bankruptcy case based on a consideration of the benefit and necessity of such services to the debtor and the other factors set forth in this section."

8. Pursuant to *In re: Abrams & Abrams, P.A.*, 605 F.3d 238 (4th Cir. (NC) May 18, 2010), contingency fees may be reasonable.

9. Starting from the factors (often called the lodestar factors) set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), and adopted in *Barber v. Kimbrell's, Inc.*, 577 F.2d 216 (4th Cir. 1978) and *Allen v. U.S.*, 606 F. 2d 432 (4th Cir. 1979), *Abrams* held that "accepting reasonable contingency agreements ... increases the likelihood that a claimant can find an attorney sufficiently committed and skilled to litigate successfully." *Abrams* at 246, citing *West v. Sullivan*, 907 F.2d 367, 372 (2nd Cir. 1990).

10. *Abrams* also found that reasonable contingency fees met lodsetar factors as it would "transfer a significant portion of the risk of loss to the attorneys taking a case." *Abrams* at 246.

11. Further, since a contingency fee is by its nature mathematically tied to the amount of a settlement, it meets another lodestar factor, namely that it be commensurate with the "award involved and the results obtained." *Allen* at 436 n. 1.

12. Approval of a contingency fee agreement in advance is appropriate, since "[successful outcomes often make risks seem less risky in hindsight than they were at the time, an a court should not [ignore] those risks merely because at some later point in litigation the defendant found it in its interest to settle." *Abrams* at 248.

13. In the recent *In re: First Street Market*, - B.R. ----, 2011 WL 1564068 (Bankr. .M.D.N.C., April 26, 2011) a contingency fee had been approved pursuant to 11 U.S.C. § U.S.C. § 330(a) for special counsel representing the Trustee, but the Court held that since the contingency fee had not been approved under 11 U.S.C. § 328, it was still subject to review under § 330 for reasonableness.[1]

14. In the present case, however, counsel is seeking to be employed for the benefit of the Debtors and not the Trustee.

15. A one-third (33 ⅓%) contingency fee is reasonable under the facts of this case as:

    a. The Debtors have little or no assets;
    b. The attorney is completely assuming the risk not only of non-payment of time, but

---

[1] The Court in *First Street Market*, while citing to the twelve factors set forth in *Johnson*, does not directly mention the risk to the attorney as one of those factors, except to the extent that it appears to have engaged in the sort of hindsight evaluation of risk disfavored in *Abrams*.

of any advanced expenses.

WHEREFORE, the Debtors respectfully prays the Court to allow, pursuant to 11 U.S.C. § 330(a)(4)(B), the employment of Edward C. Boltz and the Law Offices of John T. Orcutt, P.C. And approve the contingency fee agreement. (If necessary and appropriate, it is requested that such contingency fee be approved pursuant to 11 U.S.C. § 328.)

Additionally, while the presumptive fee for applications for employment of professionals is $250.00, the attorney for the Debtor waives such attorney fee for bringing this Motion, but requests that the Court determine whether such contingency fees could be allowed by the Confirmation Order or upon Notice of Hearing and lack of objection.

Lastly, the Debtors pray for any further relief that the Court deems just and necessary.

Dated: June 20, 2011

**LAW OFFICES OF JOHN T. ORCUTT, P.C.**

/s Edward C. Boltz
Edward C. Boltz
North Carolina State Bar No.: 23003
1738-D Hillandale Rd.
Durham NC 27705
(919) 286-1695
eboltz@johnorcutt.com

UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

| | |
|---|---|
| In Re:<br>Lanny Ross O'Neal, Jr. & Sharon Cropper O'Neal<br>Social Security No.:<br>xxx-xx-8174 and xxx-xx-8357<br>Address:<br>1918 Hillandale Road, Durham, NC 27705<br><br>Debtors | Case No. 11-80981<br>Chapter 13 |

**CERTIFICATE OF SERVICE**

I, Dawn DeFrange, certify under penalty of perjury that I am, and at all times hereinafter mentioned was, more than eighteen (18) years of age and that on June 20, 2011 , I served copies of the foregoing **MOTION TO EMPLOY PROFESSIONAL AND APPROVE CONTINGENCY FEE AGREEMENT** electronically, or when unavailable, by regular first-class U.S. mail, addressed to the following parties:

Richard M. Hutson, II
Chapter 13 Trustee

Michael West
U.S. Bankruptcy Administrator

Lanny Ross O'Neal, Jr. & Sharon Cropper O'Neal
1918 Hillandale Road
Durham, NC 27705

All creditors with duly filed claims as listed on the Mailing Matrix at the addresses listed thereon.

/s Dawn DeFrange
Dawn DeFrange

## Supplemental Fee Agreement:

Lanny O'Neal, Jr. And Sharon O'Neal (hereinafter referred to as the "Debtors") and the Law Offices of John T. Orcutt, hereby agree that the Law Offices of John T. Orcutt shall be entitled to the greater of the contingency fee or hourly fee as described below:

1. **Hourly Fee:** That in the event that an hourly fee is needed for determining an award of attorneys fees by the court, the Debtors agree that time spent by attorneys shall be billed at the rate of $300.00 per hour and for paralegal/secretarial staff at the rate of $100.00 per hour. Debtors shall not be required to pay such fees unless awarded by the court.

2. **Contingent Fee:** That any recovery in any adversary proceeding or contested case is subject to a contingency fee shall be resolved as follows:

    a. All costs, attorney fees and damages, including actual damages, punitive damages, and/or statutory damages, shall be added together to reach a total settlement amount;

    b. All costs of preparing, filing and prosecuting the Adversary Proceeding, with the exception of attorneys fees, shall be paid first from the total settlement amount;

    c. The remaining judgment/settlement amount shall then be divided between the Debtors and the Law Offices of John T. Orcutt, with 66 2/3% to the Debtor and 33 ⅓% to the Law Offices of John T. Orcutt;

3. **Costs:** The Debtors shall not be liable for any costs and/or expenses, including litigation and other related expenses incurred in the adversary proceeding or the contested case, unless there is recovery or unless such costs and/or expenses are specifically approved in advance in a written document signed by the Debtors;

4. **Accounting:** Upon conclusion of the matter, the Law Offices of John T. Orcutt shall, upon request, provide the Debtors with a written statement stating the outcome of the matter and if there is a recovery showing the remittance to the client and the method of its determination consistent herewith.

Dated: June 17, 2011                                   Dated: June 17, 2011

**The Law Offices of John T. Orcutt**                  /s Lanny O'Neal, Jr
                                                       Lanny O'Neal, Jr.

/s Edward C. Boltz                                     Dated: June 17, 2011
Edward Boltz
Attorney                                               Sharon O'Neal
                                                       Sharon O'Neal